THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By RONALD LENERT, Senior Deputy (State Bar No. 277434)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5805;  Fax: (619) 531-6005
E-mail: ronald.lenert@sdcounty.ca.gov

Attorneys for Defendant County of San Diego (erroneously sued as "San Diego County Sheriff's Department")

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANNE LEWIS,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES; CBP OFFICER AMIR, individually and in his official capacity; CBP OFFICER RAMOS, individually and in his official capacity; CBP OFFICER GOMEZ, individually and in his official capacity; DOE CBP Officers 1-50, individually and in their official capacities; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; DOE SDCS Deputies 1-50, individually and in their official capacities; CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT; CCCSD DEPUTY A. CHARLES, individually and in his official capacity; CCCSD DEPUTY M. BAILEY, individually and in his official capacity; DOE CCCSD Deputies 1-50, individually and in their official capacities,<br><br>    Defendants. | No. 15cv2319-CAB(JLB)<br><br>ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT COUNTY OF SAN DIEGO (ERRONEOUSLY SUED AS "SAN DIEGO COUNTY SHERIFF'S DEPARTMENT")<br><br>[DEMAND FOR JURY TRIAL] |

Defendant County of San Diego (erroneously sued as "San Diego County Sheriff's Department") answers Plaintiff's complaint filed herein by admitting, denying and alleging as follows:

///

15cv2319-CAB(JLB)

A. The allegations in paragraph 1 are merely descriptions of the lawsuit and thus require no response from Defendant. To the extent that this paragraph contains allegations, Defendant denies each and every other allegation it contains.

B. In response to paragraphs 2, 4, and 5 of the complaint, Defendant states that said paragraphs contain allegations which present legal conclusions and questions of law, to which no answer is required. To the extent an answer is required, Defendant denies each and every other allegation they contain.

C. In response to paragraph 7 of the complaint, Defendant admits the allegations contained therein.

D. In response to paragraph 12, Defendant admits that Defendant is a law enforcement agency organized under the laws of the state of California, and that it controls and maintains the Las Colinas Detention Facility, which houses females, but Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph, and on that basis deny each and every other allegation contained therein.

E. In response to paragraphs 3, 6, 8, 9, 10, 11, 13-132, and 135-161 of the complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in those paragraphs, and on that basis denies each and every allegation contained therein.

F. In response to paragraphs 134, 226, 227, 228, 230, 231, 232, 234, 235, and 236 of the complaint, Defendant denies the allegations contained therein.

G. Causes of action one, two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen, sixteen, and seventeen are brought against other defendants in this action, and not Defendant San Diego County Sheriff's Department, and thus no response is required from Defendant to paragraphs 162-165 (COA I), 166-171 (COA II), 172-176 (COA III), 177-180 (COA IV), 181-184 (COA V), 185-188 (COA VI), 189-194 (COA VII), 195-198 (COA VIII), 199-204 (COA IX), 205-209 (COA X), 210-214 (COA XI), 215-219 (COA XII), 220-224 (COA XIII), 237-240 (COA VXI), and 241-248 (COA

XVII), nor are responses required to paragraphs 225 and 229 which reallege and incorporate the aforementioned paragraphs. To the extent that any of these paragraphs contain allegations against Defendant, Defendant denies each and every allegation they contain.

### AFFIRMATIVE DEFENSES

In addition, Defendant alleges and asserts the following affirmative defenses; however, Defendant does not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated in these affirmative defenses is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations.

### I
#### (Failure to State a Cause of Action)

As a first, separate and distinct affirmative defense, Defendant alleges that the complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### II
#### (Good Faith)

As a second, separate and distinct affirmative defense, Defendant alleges that it acted in good faith and with a reasonable belief that its conduct was lawful and necessary.

### III
#### (Superseding Cause)

As a third, separate and distinct affirmative defense, Defendant alleges that it is not liable due to the superseding or intervening causes of other persons.

### IV
#### (Privilege and Justification)

As a fourth, separate and distinct affirmative defense, Defendant alleges that each and every claim for relief set forth in the complaint is barred because the conduct of Defendant at all relevant times was privileged and justified.

V

(Third Party)

As a fifth, separate and distinct affirmative defense, Defendant alleges that it is not liable, pursuant to Government Code section 820.8, for an injury caused by the act or omission of another person, not officers or employees of Defendant.

VI

(Due Care)

As a sixth, separate and distinct affirmative defense, said defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.4 of the Government Code for the execution or enforcement of the law by public officers or employees exercising due care.

VII

(Reasonable)

As a seventh, separate and distinct affirmative defense, Defendants allege that any and all acts of Defendants at or near the times alleged in the Complaint were reasonable and Defendants had reasonable and probable cause to act in the manner they did.

VIII

(Third Party)

As a eighth, separate and distinct affirmative defense, Defendant alleges that it is not liable for violations of civil or constitutional rights by other persons.

IX

(No Punitive Damages)

As a ninth, separate and distinct affirmative defense, Defendant alleges it is not liable for punitive or exemplary damages by operation of section 818 of the Government Code and *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981).

///

///

///

X

(Policymakers)

As a tenth, separate and distinct affirmative defense, Defendant alleges that it is not liable for alleged violations of civil or constitutional rights by non-policymakers, or by policymakers who are acting on behalf of an entity other than Defendant.

XI

(Proper Policies)

As an eleventh, separate and distinct affirmative defense, Defendant alleges that it is not liable because it has no unconstitutional customs, policies, or procedures.

XII

(Reservation of Additional Affirmative Defenses)

As a twelfth, separate and distinct affirmative defense, Defendant alleges it presently has insufficient knowledge or information upon which to form a belief as to whether it may have available additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event investigation and discovery indicate that they would be appropriate.

WHEREFORE, said Defendant prays as follows:

1. That the action be dismissed with prejudice;

2. That Plaintiff take nothing by her action;

3. That Defendant recover its costs of suit incurred herein, including attorneys' fees; and

4. For such other and further relief as the Court deems proper and just.

DATED: November 10, 2015   THOMAS E. MONTGOMERY, County Counsel

By: s/ RONALD LENERT, Senior Deputy
Attorneys for Defendant County of San Diego
(erroneously sued as "San Diego County Sheriff's Department")
E-mail: ronald.lenert@sdcounty.ca.gov

Declaration of Service

I, the undersigned, declare: That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On November 10, 2015, I served the following documents: **Answer To Complaint On Behalf Of Defendant County Of San Diego (Erroneously Sued As "San Diego County Sheriff's Department") [Demand For Jury Trial]** in the following manner:

☐ By personally delivering copies to the person served.

☐ By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☒ By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

| | |
|---|---|
| Timothy A. Scott, Esq. | Contra Costa County Counsel's Office |
| 1350 Columbia Street, Suite 600 | Patrick Hurley, Deputy |
| San Diego, California 92101 | 651 Pine Street, 9th Floor |
| (619) 794-0451 | Martinez, California 94553 |
| (619) 652-9964 (fax) | (925) 335-1851; (925) 335-1866 (fax) |
| E-mail: tscott@timscottlaw.com | E-mail: patrick.hurley@cc.cccounty.us |
| (Attorney for Plaintiff Joanne Lewis) | (Attorneys for Defendants) |

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 10, 2015, at San Diego, California.

By: s/ RONALD LENERT
E-mail: ronald.lenert@sdcounty.ca.gov

Joanne Lewis v. United States, et al.; USDC No. 15-cv-2319-CAB(JLB)