SHARON L. ANDERSON (SBN 94814)
County Counsel
PATRICK L. HURLEY (SBN 174438)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, Ninth Floor
Martinez, California 94553
Telephone:   (925) 335-1800
Facsimile:    (925) 335-1866
Electronic Mail: patrick.hurley@cc.cccounty.us

Attorneys for Defendants
CONTRA COSTA COUNTY (erroneously sued as Contra Costa County Sheriff's Department) and M. BAILEY

UNITED STATES DISTRICT COURT

SOUTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE LEWIS,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES, CBP OFFICER AMIR, individually and in his official capacity; CBP OFFICER RAMOS, individually and in his official capacity; CBP OFFICER GOMEZ, individually and in his official capacity; DOE CBP OFFICERS 1-50, individually and in their official capacities; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; DOE SDCS DEPUTIES 1-50, individually and in their official capacities; CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, CCCSD DEPUTY A. CHARLES, individually and in his official capacity; CCCSD DEPUTY M. BAILEY, individually and in his official capacity; DOE CCCSD DEPUTIES 1-50, individually and in their official capacities,<br><br>               Defendants. | No.  C15-2319 CAB JLB<br><br>ANSWER OF DEFENDANTS CONTRA COSTA COUNTY (erroneously sued as Contra Costa County Sheriff's Department) AND M. BAILEY TO COMPLAINT<br><br>Crtrm: 4C, Suite 4165, 4th Floor<br>Judge: Hon. Jill L. Burkhardt, Presiding<br>Date Action Filed: October 15, 2015<br>Trial Date:   None Assigned |

Defendants CONTRA COSTA COUNTY (erroneously sued as Contra Costa County Sheriff's Department) and M. BAILEY (collectively "Defendants"), in response to the

///

Answer to Complaint  - Case No. C15-2319 CAB JLB                                                                                                  1

Complaint of Plaintiff JOANNE LEWIS ("Plaintiff"), admit, deny and raise affirmative defenses as hereinafter set forth:

## JURISDICTION AND VENUE

1. Answering paragraphs 14, 15, and 17, these defendants admit the allegations contained therein.

2. Answering paragraphs 16, 18, 19, 20-23, 111-114, 223, 224, 226, 227, 228, 238, 239, 240, and 248, these defendants deny generally and specifically each and every allegation contained therein.

3. Answering paragraphs 1-4, 6, 24-110, 115-161, 220, 221, 222, 225, 237, and 241, these defendants do not have sufficient information or belief to enable them to answer said paragraphs, and on that ground deny each and every allegation contained therein.

4. Answering paragraphs 5, 7, 8, 9, 11, 12, 162-219, and 229-236, these paragraphs do not appear to be directed at these answering defendants. As such, these defendants do not have sufficient information or belief to enable them to answer said paragraphs, and on that ground deny each and every allegation contained therein.

5. Answering paragraph 13, these defendants admit that the Contra Costa County Sheriff's Office is a law enforcement agency and a Department of the County of Contra Costa. These defendants admit that M. Bailey is a sheriff's deputy. As to the remainder of paragraph 13, defendants deny generally and specifically each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

6. The complaint fails to state a cause of action against defendants CONTRA COSTA COUNTY and M. BAILEY.

### SECOND AFFIRMATIVE DEFENSE

7. At the time and place of the occurrence alleged in the complaint, plaintiff failed to exercise ordinary care on her own behalf for her own safety. That negligence caused the injury and damage, if any, that she sustained. Consequently, plaintiff's right to recover should be diminished by her proportional share of fault.

**THIRD AFFIRMATIVE DEFENSE**

8.     At the time and place referred to in the complaint, and before such event, plaintiff knew, appreciated and understood each and every risk involved in placing herself in the position which she then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury.

**FOURTH AFFIRMATIVE DEFENSE**

9.     Plaintiff has failed to mitigate the damages, if any, which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries, and failed to take reasonable precautions to reduce any injuries and damages.

**FIFTH AFFIRMATIVE DEFENSE**

10.    Plaintiff's recovery is barred or should be reduced because any injuries or damages were proximately caused by the negligence and other legal fault of persons or entities other than these defendants.

**SIXTH AFFIRMATIVE DEFENSE**

11.    The damages sustained by plaintiff, if any, were proximately caused by the acts, omissions, negligence, fraud and/or breach of obligations by persons other than these defendants and beyond defendants' supervision and control.

**SEVENTH AFFIRMATIVE DEFENSE**

12.    Plaintiff's claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including, but not limited to, the Due Process Clause, and the Fifth, Sixth and Eighth Amendments.

**EIGHTH AFFIRMATIVE DEFENSE**

13.    The causes of action alleged in the complaint are barred by the applicable statutes of limitations, including, but not limited to the provisions of Code of Civil Procedure sections 335.1, 337, 337.1, 337.15, 338(a), 338(b), 338(c), 338(d), 339, 340(3) and/or 343.

## NINTH AFFIRMATIVE DEFENSE

14. Public entities and employees are immune from liability for any injury caused by the act or omission of another person.

## TENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claim under the Federal Civil Rights Act is barred because the complaint fails to allege facts that go beyond mere tortious conduct and rise to the dignity of a civil rights violation.

## ELEVENTH AFFIRMATIVE DEFENSE

16. Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.

## TWELFTH AFFIRMATIVE DEFENSE

17. Defendants are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate.

## THIRTEENTH AFFIRMATIVE DEFENSE

18. Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith and without malice under the apparent authority of an enactment.

## FOURTEENTH AFFIRMATIVE DEFENSE

19. Public entities and employees are immune from liability for any injury caused by a misrepresentation of a public employee pursuant to California Government Code section 818.8.

## FIFTEENTH AFFIRMATIVE DEFENSE

20. Public entities and employees are immune from liability for any injury caused by the acts of others pursuant to California Government Code section 820.8.

## SIXTEENTH AFFIRMATIVE DEFENSE

21. Defendants are immune from suit pursuant to California Civil Code section 47.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

22. The named individual defendants were not willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the constitutional and state law rights of Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

23. Defendants are not liable for plaintiff's damages, if any, due to the superseding or intervening causes of other persons.

**NINETEENTH AFFIRMATIVE DEFENSE**

24. Defendants and its employees are immune from civil liability pursuant to the provisions of Government Code sections 815.2 and 820.4 to the extent that the injuries alleged in the complaint were caused wholly or in part by the act or omission of a public employee in executing or enforcing any law in the exercise of due care.

## PRAYER

WHEREFORE, defendants CONTRA COSTA COUNTY (erroneously sued as Contra Costa County Sheriff's Department) and M. BAILEY pray as follows:

1. That Plaintiff take nothing by the Complaint;
2. That Plaintiff's Complaint against it be dismissed in its entirety;
3. For award of costs, attorney fees, and expenses of suit against Plaintiff pursuant to 42 U.S.C. section 1988 and California Code of Civil Procedure section 1038; and
4. For such other and further relief as justice may require and the law allow.

///
///
///
///
///
///
///

## JURY TRIAL DEMAND

Defendants demand trial by jury in this action on all claims as to which the right to trial by jury attaches.

DATE:  November 13, 2015            SHARON L. ANDERSON
                                    COUNTY COUNSEL


                                    By: ___s/Patrick L. Hurley___
                                        Deputy County Counsel
                                        Attorneys for Defendants
                                        CONTRA COSTA COUNTY (erroneously
                                        sued as Contra Costa County Sheriff's
                                        Department) and M. BAILEY